■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ROUDABUSH, Appellant.—Appeal by the defendant

from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered May 2, 1983, convicting him of attempted murder in the second degree, assault in the second degree, and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

At the trial, the defendant adduced expert testimony to the effect that he suffers from "episodic dyscontrol paroxysm", and, therefore, was unable to formulate the requisite specific intent. Since the People did not adduce any scientific testimony to rebut this assertion, the defendant now maintains that the People failed to prove the element of intent beyond a reasonable doubt. We find that the jury was free to disbelieve the testimony of the defense experts in respect to their opinion concerning the defendant's inability to form a specific intent, so that the verdict is not against the weight of the evidence. The court specifically charged the jury that:

"You have heard testimony that the defendant is suffering from a mental disorder which might affect his ability to perform [sic] the necessary intent. That the defendant did the acts and he did them knowingly and intentionally are elements of the crime.

"You must evaluate the testimony concerning the alleged mental disorder of the defendant in connection with the defendant's ability to form the necessary intent which is one of the elements which must be proved beyond a reasonable doubt".

No objection was raised to the charge at trial, and we see no reason to reverse on the basis of it.

We would fail in our obligations, however, if we did not condemn the prosecutor's misconduct during the summation. During oral argument of the appeal, we made our reactions to this conduct quite clear. Nevertheless, under all the circumstances, the trial was fair enough to defeat the defendant's demand for reversal on the basis of the prosecutor's statements in summation.

There is no merit in the balance of the defendant's contentions. Lazer, J. P., Mangano, Lawrence and Eiber, JJ., concur.